CALDWELL LESLIE & PROCTOR, PC
DAVID K. WILLINGHAM, State Bar No. 198874
  *willingham@caldwell-leslie.com*
JEANNE A. FUGATE, State Bar No. 236341
  *fugate@caldwell-leslie.com*
JULIA J. BREDRUP, State Bar No. 275526
  *bredrup@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for TABLETOP MEDIA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TABLETOP MEDIA, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITIZEN SYSTEMS OF AMERICA CORPORATION; CITIZEN SYSTEMS JAPAN CO., LTD.,<br><br>    Defendants. | Case No. 2:16-cv-07140-PSG (ASx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>[Discovery Proposed Stipulation: Referenced before Magistrate pursuant to Hon. Philip S. Gutierrez's procedures]<br><br>Magistrate Judge:  Hon. Alka Sagar<br><br>Trial Date:       None Set |

CALDWELL
LESLIE &
PROCTOR

1.   A.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      Action:  this pending federal law suit.

2.2      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4      Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

1   2.8   House Counsel:  attorneys who are employees of a party to this Action.

2   House Counsel does not include Outside Counsel of Record or any other

3   outside counsel.

4   2.9   Non-Party:  any natural person, partnership, corporation, association, or

5   other legal entity not named as a Party to this action.

6   2.10   Outside Counsel of Record:  attorneys who are not employees of a

7   party to this Action but are retained to represent or advise a party to this Action and

8   have appeared in this Action on behalf of that party or are affiliated with a law firm

9   which has appeared on behalf of that party, and includes support staff.  The term

10  "Outside Counsel of Record" includes Mark E. Stohlman, counselor at law, and his

11  staff and employees.

12  2.11   Party:  any party to this Action, including all of its officers, directors,

13  employees, consultants, retained experts, and Outside Counsel of Record (and their

14  support staffs).

15  2.12   Producing Party:  a Party or Non-Party that produces Disclosure or

16  Discovery Material in this Action.

17  2.13   Professional Vendors:  persons or entities that provide litigation

18  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

19  demonstrations, and organizing, storing, or retrieving data in any form or medium)

20  and their employees and subcontractors.

21  2.14   Protected Material:  any Disclosure or Discovery Material that is

22  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS

23  EYES ONLY."

24  2.15   Receiving Party:  a Party that receives Disclosure or Discovery

25  Material from a Producing Party.

26  3.   SCOPE

27  The protections conferred by this Stipulation and Order cover not only

28  Protected Material (as defined above), but also (1) any information copied or

1 extracted from Protected Material; (2) all copies, excerpts, summaries, or
2 compilations of Protected Material; and (3) any testimony, conversations, or
3 presentations by Parties or their Counsel that might reveal Protected Material.

4       Any use of Protected Material at trial shall be governed by the orders of the
5 trial judge.  This Order does not govern the use of Protected Material at trial.

6 4.     DURATION

7       Even after final disposition of this litigation, the confidentiality obligations
8 imposed by this Order shall remain in effect until a Designating Party agrees
9 otherwise in writing or a court order otherwise directs.  Final disposition shall be
10 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
11 or without prejudice; and (2) final judgment herein after the completion and
12 exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
13 including the time limits for filing any motions or applications for extension of time
14 pursuant to applicable law.

15 5.     DESIGNATING PROTECTED MATERIAL

16       5.1     Exercise of Restraint and Care in Designating Material for Protection.
17 Each Party or Non-Party that designates information or items for protection under
18 this Order must take care to limit any such designation to specific material that
19 qualifies under the appropriate standards.  The Designating Party must designate for
20 protection only those parts of material, documents, items, or oral or written
21 communications that qualify so that other portions of the material, documents,
22 items, or communications for which protection is not warranted are not swept
23 unjustifiably within the ambit of this Order.

24       Mass, indiscriminate, or routinized designations are prohibited.  Designations
25 that are shown to be clearly unjustified or that have been made for an improper
26 purpose (e.g., to unnecessarily encumber the case development process or to impose
27 unnecessary expenses and burdens on other parties) may expose the Designating
28 Party to sanctions.

1    If it comes to a Designating Party's attention that information or items that it

2  designated for protection do not qualify for protection, that Designating Party must

3  promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    5.2   Manner and Timing of Designations.  Except as otherwise provided in

5  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7  under this Order must be clearly so designated before the material is disclosed or

8  produced.

9    Designation in conformity with this Order requires:

10    (a)   for information in documentary form (e.g., paper or electronic

11  documents, but excluding transcripts of depositions or other pretrial or trial

12  proceedings), that the Producing Party affix at a minimum, the legend

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter

14  "CONFIDENTIAL legend"), to each page that contains protected material.  If only a

15  portion or portions of the material on a page qualifies for protection, the Producing

16  Party also must clearly identify the protected portion(s) (e.g., by making appropriate

17  markings in the margins).

18    A Party or Non-Party that makes original documents available for inspection

19  need not designate them for protection until after the inspecting Party has indicated

20  which documents it would like copied and produced.  During the inspection and

21  before the designation, all of the material made available for inspection shall be

22  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"  After the

23  inspecting Party has identified the documents it wants copied and produced, the

24  Producing Party must determine which documents, or portions thereof, qualify for

25  protection under this Order.  Then, before producing the specified documents, the

26  Producing Party must affix the "CONFIDENTIAL legend" to each page that

27  contains Protected Material.  If only a portion or portions of the material on a page

28

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

1  continue to afford the material in question the level of protection to which it is

2  entitled under the Producing Party's designation until the Court rules on the

3  challenge.

4  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

5      7.1      Basic Principles.  A Receiving Party may use Protected Material that is

6  disclosed or produced by another Party or by a Non-Party in connection with this

7  Action only for prosecuting, defending, or attempting to settle this Action.  Such

8  Protected Material may be disclosed only to the categories of persons and under the

9  conditions described in this Order.  When the Action has been terminated, a

10  Receiving Party must comply with the provisions of section 13 below (FINAL

11  DISPOSITION).

12      Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15      7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or item designated

18  "CONFIDENTIAL" only to:

19          (a)      the Receiving Party's Outside Counsel of Record, as well as

20  employees of said Outside Counsel of Record to whom it is reasonably necessary to

21  disclose the information for this Action;

22          (b)      the officers, directors, and employees (including House Counsel)

23  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

24          (c)      Experts (as defined in this Order) of the Receiving Party to

25  whom disclosure is reasonably necessary for this Action and who have signed the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27          (d)      the court and its personnel;

28          (e)      court reporters and their staff;

CALDWELL
LESLIE &
PROCTOR

-7-          Case No. 2:16-cv-07140-PSG (ASx)
AMENDED STIPULATED PROTECTIVE ORDER

1        (f)     professional jury or trial consultants, mock jurors, and

2   Professional Vendors to whom disclosure is reasonably necessary for this Action

3   and who have signed the "Acknowledgment and Agreement to Be Bound"

4   (Exhibit A);

5          (g)    the author or recipient of a document containing the information

6   or a custodian or other person who otherwise possessed or knew the information;

7         (h)    during their depositions, witnesses, and attorneys for witnesses,

8   in the Action to whom disclosure is reasonably necessary provided:  (1) the

9   deposing party requests that the witness sign the form attached as Exhibit 1 hereto;

10  and (2) they will not be permitted to keep any confidential information unless they

11  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

12  otherwise agreed by the Designating Party or ordered by the court.  Pages of

13  transcribed deposition testimony or exhibits to depositions that reveal Protected

14  Material may be separately bound by the court reporter and may not be disclosed to

15  anyone except as permitted under this Stipulated Protective Order; and

16        (i)     any mediator or settlement officer, and their supporting

17  personnel, mutually agreed upon by any of the parties engaged in settlement

18  discussions.

19     7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES</u>

20  <u>ONLY" Information or Items.</u>  Unless permitted in writing by the designator, a

21  receiving party may disclose material designated "HIGHLY CONFIDENTIAL –

22  ATTORNEYS EYES ONLY" without further approval only to:

23        (a)    the Receiving Party's Outside Counsel of Record, as well as

24  employees of said Outside Counsel of Record to whom it is reasonably necessary to

25  disclose the information for this Action;

26        (b)    the court and its personnel;

27        (c)    court reporters and their staff;

28

1         (d)    professional jury or trial consultants, mock jurors, and

2   Professional Vendors to whom disclosure is reasonably necessary for this Action

3   and who have signed the "Acknowledgment and Agreement to Be Bound"

4   (Exhibit A);

5         (e)    the author or recipient of a document containing the information

6   or a custodian or other person who otherwise possessed or knew the information;

7   and

8         (f)    any mediator or settlement officer, and their supporting

9   personnel, mutually agreed upon by any of the parties engaged in settlement

10   discussions.

11   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

12   <u>IN OTHER LITIGATION</u>

13       If a Party is served with a subpoena or a court order issued in other litigation

14   that compels disclosure of any information or items designated in this Action as

15   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

16   ONLY," that Party must:

17         (a)    promptly notify in writing the Designating Party.  Such

18   notification shall include a copy of the subpoena or court order;

19         (b)    promptly notify in writing the party who caused the subpoena or

20   order to issue in the other litigation that some or all of the material covered by the

21   subpoena or order is subject to this Protective Order.  Such notification shall include

22   a copy of this Stipulated Protective Order; and

23         (c)    cooperate with respect to all reasonable procedures sought to be

24   pursued by the Designating Party whose Protected Material may be affected.

25       If the Designating Party timely seeks a protective order, the Party served with

26   the subpoena or court order shall not produce any information designated in this

27   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS

28   EYES ONLY" before a determination by the court from which the subpoena or

1   order issued, unless the Party has obtained the Designating Party's permission.  The

2   Designating Party shall bear the burden and expense of seeking protection in that

3   court of its confidential material and nothing in these provisions should be construed

4   as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

5   directive from another court.

6   9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

7   PRODUCED IN THIS LITIGATION

8           (a)     The terms of this Order are applicable to information produced

9   by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

10   CONFIDENTIAL – ATTORNEYS EYES ONLY."  Such information produced by

11   Non-Parties in connection with this litigation is protected by the remedies and relief

12   provided by this Order.  Nothing in these provisions should be construed as

13   prohibiting a Non-Party from seeking additional protections.

14           (b)     In the event that a Party is required, by a valid discovery request,

15   to produce a Non-Party's confidential information in its possession, and the Party is

16   subject to an agreement with the Non-Party not to produce the Non-Party's

17   confidential information, then the Party shall:

18           (1)     promptly notify in writing the Requesting Party and the

19   Non-Party that some or all of the information requested is subject to a

20   confidentiality agreement with a Non-Party;

21           (2)     promptly provide the Non-Party with a copy of the

22   Stipulated Protective Order in this Action, the relevant discovery request(s), and a

23   reasonably specific description of the information requested; and

24           (3)     make the information requested available for inspection by

25   the Non-Party, if requested.

26           (c)     If the Non-Party fails to seek a protective order from this court

27   within 14 days of receiving the notice and accompanying information, the Receiving

28   Party may produce the Non-Party's confidential information responsive to the

1   discovery request.  If the Non-Party timely seeks a protective order, the Receiving

2   Party shall not produce any information in its possession or control that is subject to

3   the confidentiality agreement with the Non-Party before a determination by the

4   court.  Absent a court order to the contrary, the Non-Party shall bear the burden and

5   expense of seeking protection in this court of its Protected Material.

6   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

8   Protected Material to any person or in any circumstance not authorized under this

9   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

10  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

11  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

12  persons to whom unauthorized disclosures were made of all the terms of this Order,

13  and (d) request such person or persons to execute the "Acknowledgment and

14  Agreement to Be Bound" that is attached hereto as Exhibit A.

15  11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

16  <u>PROTECTED MATERIAL</u>

17         When a Producing Party gives notice to Receiving Parties that certain

18  inadvertently produced material is subject to a claim of privilege or other protection,

19  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

20  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

21  procedure may be established in an e-discovery order that provides for production

22  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

23  (e), insofar as the parties reach an agreement on the effect of disclosure of a

24  communication or information covered by the attorney-client privilege or work

25  product protection, the parties may incorporate their agreement in the stipulated

26  protective order submitted to the court.

27

28

1  12.   <u>MISCELLANEOUS</u>

2       12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

3  person to seek its modification by the Court in the future.

4       12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

5  Protective Order no Party waives any right it otherwise would have to object to

6  disclosing or producing any information or item on any ground not addressed in this

7  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

8  ground to use in evidence of any of the material covered by this Protective Order.

9       12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

10  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

11  may only be filed under seal pursuant to a court order authorizing the sealing of the

12  specific Protected Material at issue.  If a Party's request to file Protected Material

13  under seal is denied by the court, then the Receiving Party may file the information

14  in the public record unless otherwise instructed by the court.

15  13.   <u>FINAL DISPOSITION</u>

16       After the final disposition of this Action, as defined in paragraph 4, within 60

17  days of a written request by the Designating Party, each Receiving Party must return

18  all Protected Material to the Producing Party or destroy such material.  As used in

19  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20  summaries, and any other format reproducing or capturing any of the Protected

21  Material.  Whether the Protected Material is returned or destroyed, the Receiving

22  Party must submit a written certification to the Producing Party (and, if not the same

23  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

24  (by category, where appropriate) all the Protected Material that was returned or

25  destroyed and (2) affirms that the Receiving Party has not retained any copies,

26  abstracts, compilations, summaries or any other format reproducing or capturing any

27  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

28  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

1  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2  reports, attorney work product, and consultant and expert work product, even if such

3  materials contain Protected Material.  Any such archival copies that contain or

4  constitute Protected Material remain subject to this Protective Order as set forth in

5  Section 4 (DURATION).

6  14.    Any violation of this Order may be punished by any and all appropriate

7  measures including, without limitation, contempt proceedings and/or monetary

8  sanctions.

9        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10  DATED:  February 24, 2017        CALDWELL LESLIE & PROCTOR, PC

11                                   DAVID K. WILLINGHAM
                                     JEANNE A. FUGATE

12                                   JULIA J. BREDRUP

13                                   By _____/s/_____

14                                        JEANNE A. FUGATE
                                     Attorneys for TABLETOP MEDIA, LLC

15

16  DATED:  February 24, 2017        ALLEN MATKINS LECK GAMBLE

17                                   MALLORY & NATSIS LLP
                                     SCOTT J. LEIPZIG

18                                   MARISSA M. DENNIS
                                     TIM C. HSU

19

20                                   By _____/s/ email authorization on 2/24/2017___

21                                        TIM C. HSU
                                     Attorneys for CITIZEN SYSTEMS AMERICA

22                                   CORPORATION, and CITIZEN SYSTEMS
                                     JAPAN CO., LTD.

23

24  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

25  DATED: _March 2, 2017___         _____/ s /_____

26                                        HONORABLE ALKA SAGAR
                                     UNITED STATES MAGISTRATE JUDGE

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Central District of

California on [date] in the case of *Tabletop Media, LLC v. Citizen Systems of*

*America, Corporation*, Case No. 2:16-cv-07140-PSG-AS.  I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print or type

full name] of _____ [Type text]

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____