|   |   |
|---|---|
| 1 | SCOTT J. LEIPZIG (BAR NO. 192005) |
| 2 | MARISSA M. DENNIS (BAR NO. 245027) |
|   | TIM C. HSU (BAR NO. 279208) |
| 3 | ALLEN MATKINS LECK GAMBLE |
|   |   MALLORY & NATSIS LLP |
| 4 | 865 South Figueroa Street, Suite 2800 |
|   | Los Angeles, California 90017-2543 |
| 5 | Phone:  (213) 622-5555 |
|   | Fax:  (213) 620-8816 |
| 6 | E-Mail:  sleipzig@allenmatkins.com |
|   |               mdennis@allenmatkins.com |
| 7 |               thsu@allenmatkins.com |
| 8 | Attorneys for Defendants |
|   | CITIZEN SYSTEMS AMERICA CORPORATION, |
| 9 | and CITIZEN SYSTEMS JAPAN CO., LTD. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| TABLETOP MEDIA, LLC, | Case No. 2:16-cv-07140-PSG-AS |
|---|---|
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO Judge Philip S. Gutierrez |
| v. | |
| CITIZEN SYSTEMS OF AMERICA CORPORATION; CITIZEN SYSTEMS JAPAN CO., LTD., | Ctrm:   6A - 6th Floor |
| Defendants. | **DEFENDANTS CITIZEN SYSTEMS AMERICA CORPORATION AND CITIZEN SYSTEMS JAPAN CO. LTD.'S  MOTION IN LIMINE NO. 9 TO EXCLUDE CERTAIN TESTIMONY AND OPINIONS OF PLAINTIFF TABLETOP MEDIA, LLC'S EXPERT EFRAT KASZNIK** |
| | Trial Date:  October 9, 2018 |

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

Defendants Citizen Systems America Corporation and Citizen Systems Japan Co., Ltd. (together, "Citizen") will and hereby do move the Court *in limine* to preclude Plaintiff Tabletop Media, LLC's ("Tabletop") expert witness, Ms. Efrat Kasznik, from offering any testimony or opinions regarding "supply chain partnerships," "supply chain management," or "assembly-oriented manufacturing processes."

Citizen makes this Motion on the grounds that with respect to "Tabletop's expectations of Citizen as a supply chain partner," and "assembly-oriented outsourced manufacturing process," Ms. Kasznik's opinion should be precluded because: (1) Ms. Kasznik lacks the knowledge, skill, experience, training, or education required to qualify as an expert witness to testify as to such issues at trial; and (2) Ms. Kasznik's opinion regarding Citizen as any type of "partner" of Tabletop has no basis and is unreliable because she admits she is not an expert on partnerships and lacks foundation for her opinions on the subject.

This Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott Leipzig ("Leipzig Decl."), and the pleadings and papers on file in this action, and upon such other matters as may be properly presented to the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 23, 2018.

Dated: August 24, 2018

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
MARISSA M. DENNIS
TIM C. HSU

By: */s/ Marissa M. Dennis*
MARISSA M. DENNIS
Attorneys for Defendants
CITIZEN SYSTEMS AMERICA
CORPORATION, and CITIZEN
SYSTEMS JAPAN CO., LTD

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................3

II. LEGAL STANDARD ............................................................................................4

III. ARGUMENT .........................................................................................................5

IV. CONCLUSION ......................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Castaic Lake Water Agency*, 2002 U.S. Dist. LEXIS 28681, at *18 .................... 4, 5

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) ............................ 4

*Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ................................................ 5

*In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 276 F.R.D. 364, 370-71 (C.D. Cal. 2011) ................................................................... 5

*Wolkowitz v. Lerner*, No. SA CV 07-777-CAS, 2008 U.S. Dist. LEXIS 34698, at *7-8 (C.D. Cal. Apr. 21, 2008) ........................................................ 4

**Statutes**

Federal Rule of Evidence 702 ........................................................................... 3, 4, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On July 10, 2018, Tabletop disclosed Ms. Efrat Kasnik as an expert who "will testify as to Tabletop's reasonable expectations of Citizen as a design partner and damages caused to Tabletop by Citizen's actions."  Declaration of Scott Leipzig ("Leipzig Decl."), Exh. A.  Tabletop also produced a report from Ms. Kasznik in which she opined on the amount of damages Tabletop allegedly suffered and on the "reasonable expectations of Citizen as a supply chain partner," including opinions as to the "assembly-oriented outsourced manufacturing process."  Leipzig Decl., ¶ 3. In her expert report and subsequent deposition, Ms. Kasznik refused to definitively state whether she was an expert in "supply chain management."  Ms. Kasznik claimed that Citizen was "elevated" "in her mind" from its role as a component part supplier to that of a "supply chain partner" such that Citizen should have different or additional responsibilities and duties for unknown reasons that Ms. Kasznik could not enunciate.  She also testified about the "assembly-oriented outsourced manufacturing process" (a term she coined) whereby companies utilize component part suppliers and contract manufacturers to produce their products.  Ms. Kasznik offered opinions on these subjects despite her many admissions in her deposition that she has no direct experience, education or training with regard to "supply chain partnerships," "supply chain management," or "assembly-oriented manufacturing processes," and has never been qualified as an expert on these subjects.  For the reasons discussed below, the Court should preclude Ms. Kasznik from providing any opinions or testimony on the subjects of "supply chain partnership," "supply chain management," and "assembly-oriented outsourced manufacturing process" because her opinions fall far short of the standard under Federal Rule of Evidence 702.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Evidence 702 and *Daubert*, this Court must ensure that all expert "testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). The qualification of an expert is a preliminary question that the Court must address before evaluating admissibility of any expert testimony. *Castaic Lake Water Agency*, 2002 U.S. Dist. LEXIS 28681, at *18; Fed. R. Evid. 702. A proffered witness is qualified as an expert by knowledge, skill, experience, training, or education. *Wolkowitz v. Lerner*, No. SA CV 07-777-CAS, 2008 U.S. Dist. LEXIS 34698, at *7-8 (C.D. Cal. Apr. 21, 2008); Fed. R. Evid. 702.

An expert's testimony must be "grounded in the methods and procedures of science" and cannot be based on mere "subjective belief and unsupported speculation." *Daubert,* 509 U.S. at 590. Courts must exclude expert evidence that is not "based on sufficient facts or data," that is not "the produce of reliable principles and methods," or that has not "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

The *Daubert* Court set forth a non-exclusive list of factors that courts may consider when evaluating whether expert testimony is reliable: (1) whether the theory or technique used by the expert can be or has been tested—that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; and (4) the "general acceptance" of the theory or technique in the scientific community. *See Castaic Lake Water Agency v. Whittaker Corp.*, No. CV 00-12613 AHM (Rzx), 2002 U.S. Dist. LEXIS 28681, at *14 (C.D. Cal. Oct. 24, 2002).

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1133433.01/LA -4- Case No. 2:16-cv-07140-PSG-AS
DEFENDANTS' MOTION IN LIMINE NO. 9

"While there is no definitive checklist or test, courts have identified several non-exclusive and non-dispositive factors as potentially relevant to the reliability inquiry." *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 276 F.R.D. 364, 370-71 (C.D. Cal. 2011). In addition, the Advisory Committee's Notes on Rule 702 state that courts have also found the following factors relevant in assessing the reliability of expert testimony: (1) whether experts are proposing to testify about matters growing directly out of research they have conducted independent of the litigation or whether the opinion was developed expressly for the purposes of testifying; (2) whether the expert has unjustifiably extrapolated from an accepted premise to an unfounded conclusion; (3) whether the expert has adequately accounted for obvious alternative explanations; (4) whether the expert is being as careful as he would be in his regular professional work; and (5) whether the field of expertise claimed by the expert is known to reach reliable results for the type of opinion offered. *Castaic Lake Water Agency*, 2002 U.S. Dist. LEXIS 28681 at *14. In addition, a "court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

As the proponent of the expert's testimony, Tabletop "must establish by a preponderance of the evidence that the expert testimony is admissible . . . ." *Castaic Lake Water Agency*, 2002 U.S. Dist. LEXIS 28681 at *15. Tabletop cannot meet this burden with respect to Ms. Kasznik's proffered "opinions" regarding "supply chain partnerships," "supply chain management," and "assembly-oriented outsourced manufacturing process" in this case.

### III. ARGUMENT

Ms. Kasznik is not qualified by any means approved by the Federal Rules of Evidence to provide expert opinions regarding an alleged "supply chain partnership" between Citizen and Tabletop, or the "assembly-oriented outsourced manufacturing process" allegedly utilized by Tabletop. Ms. Kasznik founded an IP litigation

1  consulting and startup advisory firm in Silicon Valley and states she is an IP
2  valuation and strategy expert.  Leipzig Decl., Exh. B.  She is a lecturer for two
3  classes: an IP valuation and strategy class, and an accounting class.  *Id*., Exh. B,
4  App. A.  Ms. Kasznik holds an MBA degree and a B.A. in Accounting and
5  Economics.  *Id*.

6  Relevant to this case, however, Ms. Kasnik has no demonstrable experience,
7  let alone expertise, in supply chain partnerships, supply chain management, or
8  assembly-oriented manufacturing processes.  Her resume indicates no work
9  experience for or with regard to hardware suppliers, component suppliers, and
10 manufacturing processes.  Leipzig Decl., Exh. B.  At her deposition, Ms. Kasznik
11 admitted she is "not an operational person" and has never been qualified as an
12 expert, or testified as an expert, regarding hardware supply chain, "supply chain
13 partnership," "supply chain management," "assembly-oriented outsourced
14 manufacturing," or what qualifies a component part supplier as a "supply chain
15 partner."  Leipzig Decl., ¶ 4.  She also admitted on numerous occasions that she is
16 not an expert on partnerships or the formation of partnerships, and does not know
17 what a legal partnership entails.  *Id*.

18 Perhaps even more astounding is Ms. Kasznik's testimony that not only has
19 she never testified regarding the difference between a component part supplier and a
20 supply chain partner, she has never read any materials, taken coursework, and
21 admittedly has no certification on the subject.  *Id*. at ¶ 5.  She has not conducted any
22 research and has no personal experience on these issues.  *Id*.  Accordingly, she
23 should not be permitted to testify on anything related to "supply chain partnership"
24 as a percipient witness, much less as an expert witness who must first be qualified
25 by the Court.

26 In fact, Ms. Kasznik has testified as an expert (at either trial or arbitration) on
27 only two occasions – both related to valuation issues in divorce proceedings and
28 neither involved electronic products, supply chain partnership or manufacturing

issues. *Id.*, Exh. B. Clearly, Ms. Kasznik has no demonstrable "knowledge, skill, experience, training, or education" in supply chain partnership, supply chain management, or assembly-oriented outsourced manufacturing processes. She is unqualified and unreliable on these subjects, and the Court therefore should exclude her from opining on these issues as an expert at trial. Fed. R. Evid. 702.

## IV. CONCLUSION

For the foregoing reasons, Citizen respectfully requests that its Motion *in Limine* No. 9 be granted in its entirety.

Dated: August 24, 2018

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
MARISSA M. DENNIS
TIM C. HSU

By: */s/ Marissa M. Dennis*
MARISSA M. DENNIS
Attorneys for Defendants CITIZEN SYSTEMS AMERICA CORPORATION, and CITIZEN SYSTEMS JAPAN CO., LTD.