SCOTT J. LEIPZIG (BAR NO. 192005)
MARISSA M. DENNIS (BAR NO. 245027)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: sleipzig@allenmatkins.com
        mdennis@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Defendants
CITIZEN SYSTEMS AMERICA CORPORATION,
and CITIZEN SYSTEMS JAPAN CO., LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| TABLETOP MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CITIZEN SYSTEMS OF AMERICA CORPORATION; CITIZEN SYSTEMS JAPAN CO., LTD., <br><br> Defendants. | Case No. 2:16-cv-07140-PSG-AS <br><br> ASSIGNED FOR ALL PURPOSES TO Judge Philip S. Gutierrez <br><br> Ctrm: 6A - 6th Floor <br><br> **DEFENDANTS CITIZEN SYSTEMS AMERICA CORPORATION AND CITIZEN SYSTEMS JAPAN CO. LTD.'S REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 9 TO EXCLUDE CERTAIN TESTIMONY AND OPINIONS OF PLAINTIFF TABLETOP MEDIA, LLC'S EXPERT EFRAT KASZNIK** <br><br> Trial Date: October 9, 2018 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1136960.01/LA                    -1-

Case No. 2:16-cv-07140-PSG-AS
REPLY IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE NO. 9

Defendants Citizen Systems America Corporation and Citizen Systems Japan Co., Ltd. (together, "Citizen") hereby submit their Reply Brief in Support of Motion *in Limine* No. 9 to Exclude Certain Testimony of Opinions of Plaintiff Tabletop Media, LLC's Expert Efrat Kasznik.

## I. INTRODUCTION

Tabletop Media, LLC's ("Tabletop") Opposition flatly admits that its expert, Ms. Efrat Kasznik, is not an expert on "supply chain partnerships," supply chain management," or "assembly-oriented manufacturing processes." Ms. Kasznik's own resume demonstrates that she has no "knowledge, skill, experience, training, or education" relevant to these subjects as required under the Federal Rules of Evidence to testify as to such issues at trial. Fed. R. Evid. 702. Ms. Kasznik should therefore be precluded from offering any testimony or opinions regarding "supply chain partnerships," "supply chain management," or "assembly-oriented manufacturing processes."

## II. TABLETOP ADMITS MS. KASZNIK IS NOT A QUALIFIED EXPERT ON THE MATTERS OF OPERATIONS, SUPPLY CHAIN MANAGEMENT, SUPPLY CHAIN PARTNERSHIPS, OR ANY ASSEMBLY-ORIENTED MANUFACTURING PROCESS.

Tabletop's lengthy reiteration of Ms. Kasznik's resume and pedigree does nothing to support its argument in opposition. Instead, it only highlights Ms. Kasznik's utter lack of experience, training, or education in the relevant fields concerning supply chain partnerships, supply chain management, or assembly-oriented manufacturing processes. Indeed, each of the cited references to Ms. Kasznik's experience only refers to her experience in "providing valuations," working as a "CFO" or "interim-CFO," and lecturing on matters regarding accounting and intellectual property. Opposition, p. 2. While this experience may qualify Ms. Kasznik as a financial expert capable of opining on a company's valuation, it does not qualify her to speak to any matters involving supply chain

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1136960.01/LA

-2-

Case No. 2:16-cv-07140-PSG-AS
REPLY IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE NO. 9

operations or the relationship between a component supplier and its customers. More importantly, Tabletop flatly concedes in its Opposition that Ms. Kasznik is *not* intended to "be an expert on the operational aspects of 'supply chain partnership,' 'supply chain management' or 'assembly-oriented manufacturing process.'" Opposition, p. 1. This alone disqualifies her from providing any testimony regarding such matters at trial.

Notwithstanding Tabletop's flat admission that Ms. Kasznik is not an expert in these subjects, Tabletop nevertheless contends that Ms. Kasznik should still be allowed to testify as to her opinions regarding supply chain partnerships as applied to the relationship between Tabletop and Citizen. In so doing, Tabletop carefully avoids stating that Ms. Kasznik will provide her *opinions* on the matter (as that is clearly barred under FRE 702) and, instead, contends that she will merely be stating her *observation* "that Tabletop used an 'assembly-oriented outsourced manufacturing process," her *notes* "that the outsourced manufacturing business model is regarded as 'good practice,'" and that Ms. Kasznik's *references* "do not delve into the granular operational details of these concepts." Opposition, pp. 4-5. Regardless of how Tabletop chooses to frame Ms. Kasznik's intended testimony, the admitted truth is that she is *not* an expert on these subjects and she cannot be allowed to make such statements as an expert for Tabletop.

Indeed, while Tabletop suggests that Ms. Kasznik intends to merely use these highly prejudicial operational terms "in a general business sense," her expert report shows the exact opposite. Specifically, Ms. Kasznik's expert report consistently refers to Citizen as Tabletop's "partner" without any basis in fact, and further states in its Executive Summary, under the heading "Reasonable Expectations of Citizen *as a Supply Chain Partner*," that "Citizen was one of Tabletop's *primary supply chain partners*." *See* Declaration of Jeanne Fugate in Support of Tabletop's Opposition, Trial Ex. 331. The term "supply chain partner" is then used throughout Ms. Kasznik's report, including in a section entitled "The Tabletop-Citizen Supply

Chain Partnership," where each of the bullet points in this section further drive home the false notion that Citizen is somehow Tabletop's "partner." Ms. Kasznik further goes on in this section to opine that Citizen was not merely a component supplier, but was elevated to become a "supply chain management partner," without any credible analysis or facts to support her erroneous and entirely false conclusions. *Id*. There is no question that the intended purpose of these statements is to deceive the jury into believing that some partnership exists between Tabletop and Citizen where there is no such relationship in reality.

Here, no matter how Tabletop chooses to characterize Ms. Kasznik's intended testimony about the non-existent partnership between Tabletop and Citizen, she cannot be allowed to do so where she admits to having no relevant experience in the subject and further admits that she is not an expert in the matter. To the extent Tabletop believed Citizen was its "partner," it can present evidence to support its erroneous belief at trial, but it cannot be allowed to color the jurors' judgment by presenting such conclusions through the guise of a supposed *expert* on the subject.

As Tabletop points out, Rule 702 expressly contemplates that an expert may be qualified based on experience, and it may even be the sole basis for reliable expert testimony. *See* Opposition, p. 5, citing Advisory Committee Note to Fed. R. Evid. 702. In fact, in arguing that Ms. Kasznik's experience qualifies her to testify on these subjects, Tabletop admits that "Ms. Kasznik's area of expertise [is] (*business models adopted by technology companies, including hardware start-ups*)…." Opposition, p. 8:22-23. Ms. Kasznik's experience in finance, accounting, intellectual property and business models may qualify her to testify on matters of valuation and damages, but she has absolutely no experience in operations or supply chain partnership and cannot be allowed to present unreliable testimony to the jury on such matters.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1136960.01/LA              -4-

Case No. 2:16-cv-07140-PSG-AS
REPLY IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE NO. 9

### III. CITIZEN WILL BE SEVERELY PREJUDICED IF MS. KASZNIK IS ALLOWED TO TESTIFY AS TO THESE SUBJECTS

Ms. Kasznik's expert opinions rely heavily on her unreliable assumptions made about supply chain partnerships, supply chain management, and the assembly-oriented manufacturing processes. Tabletop readily admits she is no expert on these subjects, and her own resume demonstrates that she has no related expertise. Under FRE 403, such testimony must be barred as the severe prejudicial impact of having a supposed expert state to the jury that Citizen is Tabletop's "supply chain partner" far outweighs any shred of probative value it may have.

Allowing such unreliable testimony from Ms. Kasznik will be highly prejudicial to Citizen. By virtue of her status as an expert witness, the phrases and terms she uses will be given substantial weight by the jury who will be unwittingly mislead by Ms. Kasznik's unsupported and erroneous conclusions. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ("Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it."). Here, Ms. Kasznik's complete lack of expertise in the areas of supply chain partnerships, supply chain management, and the assembly-oriented manufacturing processes renders any testimony on those subjects entirely unreliable and unfairly prejudicial to Citizen.

//
//
//

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1136960.01/LA -5-

Case No. 2:16-cv-07140-PSG-AS
REPLY IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE NO. 9

## IV. CONCLUSION

For the foregoing reasons, Citizen requests that its Motion *in Limine* No. 9 be granted in its entirety and that Ms. Kasznik be precluded from presenting any testimony or opinions on the subjects of "supply chain partnerships," "supply chain management," or "assembly-oriented manufacturing process" as described in her expert report.

Dated: September 28, 2018

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
SCOTT J. LEIPZIG
MARISSA M. DENNIS
TIM C. HSU

By: */s/ Scott J. Leipzig*
SCOTT J. LEIPZIG
Attorneys for Defendants
CITIZEN SYSTEMS AMERICA CORPORATION, and CITIZEN SYSTEMS JAPAN CO., LTD.